**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA,

v.     Case No. 6:15-mj-1435-Orl-37TBS

DAVID RYAN ALBERTS.

## ORDER

This cause is before the Court on the Government's Motion for Revocation of Release Order (Doc. 13), filed August 12, 2015. Upon consideration, the Court finds that the Motion is due to be granted.

## BACKGROUND

On August 11, 2015, the Government charged Defendant David Ryan Alberts with receipt and possession of child pornography. (Doc. 1.) At the detention hearing, in seeking pretrial detention of the Defendant, the Government relied on the allegations of the criminal complaint and Agent Rod Hyre's supporting affidavit. (*See* Doc. 12.) In response, defense counsel explained that Defendant's wife, Kristen Alberts, did not feel that Defendant was a threat to their daughter and suggested that the Court impose conditions of release to assure Defendant's appearance and minimize his threat to the community. (*See id.*) U.S. Magistrate Judge Smith, acknowledging that the limited evidence before him made this a "close call," denied the Government's motion for pretrial detention and set conditions for Defendant's pretrial release. (*Id.*; *see also* Doc. 2; Doc. 7 ("Release Order").) Unhappy with the outcome and perhaps recognizing the paucity of evidence presented to the Magistrate Judge, the Government now seeks review pursuant

18 U.S.C. § 3145(a)(1). (Doc. 13.)

**STANDARDS**

Upon motion by the Government, the district court is permitted to review a magistrate judge's release order. 18 U.S.C. § 3145(a)(1). In doing so, the district court should conduct an independent review of all of the evidence put forth at the hearing before the magistrate judge and consider the § 3142(g) factors to determine whether detention is appropriate. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). If additional evidence is required to determine whether pretrial detention is warranted, the district court should hold an additional hearing. *Id.*

The Court's inquiry into the necessity of pretrial detention is guided by 18 U.S.C. § 3142. Specifically, the Court examines whether there are any conditions or combination of conditions which reasonably will assure the appearance of Defendant as required, as well as the safety of any other person and the community. 18 U.S.C. § 3142(e). A finding that the defendant is either a flight risk or a danger to the community is sufficient to detain the person pending trial.[1] *King*, 849 F.2d at 488. In making this determination, the Court considers the following § 3142(g) factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by defendant's release.[2]

---

[1] The Government must prove that the defendant is a flight risk by a preponderance of the evidence or a danger to the community by clear and convincing evidence. *King*, 849 F.2d at 488–89.

[2] When reviewing the magistrate's findings regarding the § 3142(g) factors, factors (1) and (2) require the trial court "to exercise judgment and discretion in applying legal

Once probable cause is established that the defendant engaged in a felony involving a minor victim, a statutory presumption weighing against the defendant's pretrial release arises. 18 U.S.C. § 3142(e)(2), (f)(1); *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985). Once invoked, the defendant is obliged to produce evidence to rebut that presumption. *United States v. Niles*, 874 F. Supp. 1237, 1274 (N.D. Ga. 1994) (citing *United States. v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)). If the defendant is successful, "the presumption does not disappear, but rather becomes evidence to be weighed, along with other evidence, as suggesting a risk of flight or risk of danger." *Niles*, 874 F. Supp. at 1274.

## DISCUSSION

After considering the limited evidence presented at Judge Smith's August 11 hearing (*see* Doc. 12), the Court required additional evidence to determine whether pretrial detention was warranted and set a hearing for August 21, 2015. (Doc. 17 ("Motion Hearing").) At the Motion Hearing, the Government created a more robust record, including sworn testimony from Agent Hyre and Kristen Alberts. This record established, among other things, that Defendant had a demonstrated interest in child pornography involving incest scenarios, that his wife was previously aware of his viewing child pornography, that the minor daughter living in the home had not yet been interviewed by Child Protective Services, and that the wife was not aware that Defendant had actually sexually molested family members at age 15 or 16, only that he had "thought about it."

---

standards to certain facts, rendering such determinations mixed questions subject to *de novo* review," whereas factors (3) and (4) "pose factual questions pertaining to individual characteristics of the defendant and the threat posed by his release" and are, therefore, subject to the clearly erroneous standard of review. *United States v. Hurtado*, 779 F.2d 1467, 1472 (11th Cir. 1985).

Further, the wife was not aware that the defendant had solicited sex from strangers via Craigslist when the family lived in the Boston area. Based on its independent review of the evidence adduced at the hearing, the Court found that pretrial detention was warranted and remanded Defendant to the custody of the Bureau of Prisons. This Order memorializes its findings.

This is a presumption case, *see* 18 U.S.C. § 3142(e)(2), (f)(1), and the amplified record demonstrates that that Defendant has failed to rebut the presumption that no condition or combination of conditions will reasonably assure his appearance as required and the safety of any other person and the community. *See Hurtado*, 779 F.2d at 1472. Consideration of the evidence presented at the Motion Hearing, coupled with the record developed before the magistrate judge, in light of the § 3142(g) factors requires pretrial detention. *See* 18 U.S.C. § 3142(e).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Government's Motion for Revocation of Release Order (Doc. 13) is **GRANTED**. The Defendant is **REMANDED** to the custody of the Bureau of Prisons.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 26, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record